Marco Gonzalez (SBN #190832)
Livia Borak (SBN #259434)
COAST LAW GROUP LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel: 760.942.8505
Fax: 760.942.8515

Attorneys for Plaintiff
COASTAL ENVIRONMENTAL RIGHTS FOUNDATION


Matt O'Malley (SBN # 272802)
SAN DIEGO COASTKEEPER
2825 Dewey Rd, Suite 200
San Diego, California 92117
Tel: 619.758.7743
Email: matt@sdcoastkeeper.org

Attorneys for Plaintiff
SAN DIEGO COASTKEEPER

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COASTKEEPER, a California non-profit corporation, COASTAL ENVIRONMENTAL RIGHTS FOUNDATION, a California non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>REYBRO, Inc., a California corporation;<br><br>Defendant. | Civil Case No. 3:15-cv-02706-W-DHB<br><br>**CONSENT DECREE**<br><br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 _et seq._)** |

Consent Decree                                    Civil Case No. 3:15-cv-02706-W-DHB

## CONSENT DECREE

The following Consent Decree is entered into by and between San Diego Coastkeeper ("Coastkeeper") and Coastal Environmental Rights Foundation ("CERF") ("collectively "Plaintiffs") and Reybro Inc. ("Reybro"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively the "Settling Parties."

**WHEREAS,** Coastkeeper is a 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California, with its main office in San Diego, California;

**WHEREAS,** Coastkeeper is dedicated to the preservation, protection, and defense of the rivers, creeks, and coastal waters of San Diego County from all sources of pollution and degradation;

**WHEREAS,** CERF is a non-profit organization founded by surfers in North San Diego County and active throughout California's coastal communities;

**WHEREAS,** CERF was established to aggressively advocate, including through litigation, for the protection and enhancement of coastal natural resources and the quality of life for coastal residents, and one of CERF's primary areas of advocacy is water quality protection and enhancement;

**WHEREAS,** Reybro, Inc., is the owner and operator of a metals recycling facility located at 149 Nettleton Road, Vista, California 92083, hereinafter referred to by the Settling Parties as the "Reybro Facility";

**WHEREAS,** Plaintiffs' members live and/or recreate in and around Buena Vista Creek, Buena Vista Lagoon, and the Pacific Ocean area waters which Plaintiffs' members allege receive discharges from the Reybro Facility, including specifically Buena Vista Creek, Buena Vista Lagoon, and ultimately the Pacific Ocean;

**WHEREAS,** the discharges from the Reybro Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ ("1997 Storm Water Permit"), and as amended by Order No. 2014-0057-DWQ ("2014 Storm Water Permit"), and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA");

**WHEREAS,** on May 22, 2015, Plaintiffs sent Reybro, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board"),

| Consent Decree | 2 | Civil Case No. 3:15-cv-02706-W-DHB |
|---|---|---|

1  and the San Diego Regional Water Quality Control Board ("Regional Board") a notice of intent to file

2  suit ("Notice Letter") under Sections 505(a) and (b) of the Clean Water Act, 33 U.S.C. §§ 1365(a) and

3  (b). The Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a),

4  and violations of the 1997 Storm Water Permit at the Reybro Facility;

5  **WHEREAS,** on December 2, 2015, Plaintiffs filed a complaint against Reybro in the United

6  States District Court, Southern District of California (Case No. 3:15-cv-02706-W-DHB), alleging

7  violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and violations of the Storm

8  Water Permit at the Reybro Facility ("Complaint");

9  **WHEREAS,** Plaintiffs allege Reybro to be in violation of the substantive and procedural

10  requirements of the 1997 Storm Water Permit and the Clean Water Act with respect to the Reybro

11  Facility;

12  **WHEREAS,** Reybro denies all allegations in the Notice Letter and Complaint relating to the

13  Reybro Facility;

14  **WHEREAS,** Plaintiffs and Reybro have agreed that it is in the Settling Parties' mutual interest

15  to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations

16  set forth in the Complaint without further proceedings;

17  **WHEREAS,** all actions taken by Reybro pursuant to this Consent Decree shall be made in

18  compliance with all applicable federal and state laws and local rules and regulations.

19  **NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING**

20  **PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

21  1.      The Court has jurisdiction over the subject matter of this action pursuant to Section

22  505(a) of the Clean Water Act, 33 U.S.C. § 1365(a);

23  2.      Venue is appropriate in the Southern District of California pursuant to Section 505(c)(1)

24  of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Reybro Facility is located within this

25  District;

26  3.      The Complaint states claims upon which relief may be granted pursuant to Section

27  505(a)(1) of the Clean Water Act, 33 U.S.C. § 1365(a)(1);

28  4.      Plaintiffs have standing to bring this action;

Consent Decree                                    3                         Civil Case No. 3:15-cv-02706-W-DHB

1      5.     The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of

2 this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court

3 to resolve any motion to enforce this Consent Decree.

4 **I.    OBJECTIVES**

5      6.     It is the express purpose of the Settling Parties entering into this Consent Decree to

6 further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251, et seq., and to resolve those

7 issues alleged by Plaintiffs in its Complaint. In light of these objectives and as set forth fully below,

8 Reybro agrees to comply with the provisions of this Consent Decree and to comply with the

9 requirements of the 2014 Storm Water Permit and all applicable provisions of the Clean Water Act.

10 Specifically, Reybro agrees to comply with Receiving Water Limitation VI.A. in the 2014 Storm Water

11 Permit which requires that Reybro "shall ensure that industrial storm water discharges and authorized

12 Non-Stormwater Discharges do no cause or contribute to the exceedance of any applicable water quality

13 standards in any affected receiving water," and Effluent Limitation V.A. of the 2014 Storm Water

14 Permit which requires that Reybro "shall implement Best Management Practices ("BMPs") that comply

15 with the BAT/BCT requirements of the [2014 Storm Water Permit] to reduce or prevent discharges of

16 pollutants in [Reybro] storm water discharge in a manner that reflects best industry practice considering

17 technological availability and economic practicability and achievability." Reybro shall develop and

18 implement BMPs necessary to achieve compliance with BAT/BCT standards and with the applicable

19 water quality standards as those terms are defined by the 2014 Storm Water Permit.

20 **II.    AGENCY REVIEW AND TERM OF CONSENT DECREE**

21     7.     Plaintiffs shall submit this Consent Decree to the United States Department of Justice and

22 the EPA (collectively "Federal Agencies") within three (3) days of the final signature of the Settling

23 Parties for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five

24 (45) days after receipt by both agencies, as evidenced by written acknowledgement of receipt by the

25 agencies or the certified return receipts, copies of which shall be provided to Reybro if requested. In the

26 event that the Federal Agencies object to entry of this Consent Decree, the Settling Parties agree to meet

27 and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount

28 of time.

---

Consent Decree               4              Civil Case No. 3:15-cv-02706-W-DHB

8.      The term "Effective Date" as used in this Consent Decree shall mean the day the Court enters this Consent Decree.

9.      This Consent Decree shall terminate three (3) years after the Effective Date ("Termination Date"), unless there is a prior ongoing, unresolved dispute regarding Reybro' compliance with this Consent Decree.

10.     Coastkeeper and CERF may conduct an inspection of the Reybro Facility up to forty-five (45) days prior to the Termination Date. The inspection shall be conducted according to the rules applicable to annual site inspections described below.

## III.   POLLUTION CONTROL REQUIREMENTS

### A.   Storm Water Pollution Reduction Measures

11.     The storm water pollution control measures required by this Consent Decree shall be designed and operated to manage, through infiltration, treatment, and/or diversion of two (2) times the Design Storm pursuant to the 2014 Storm Water Permit section X.6 ("Consent Judgement Design Storm"). The structural storm water pollution control measures agreed to under this Consent Decree shall be in place and operable throughout the entire year.

11.1. The following BMPs, as more fully described in Reybro's Storm Water Pollution Prevention Plan ("SWPPP") attached hereto as Exhibit A shall be implemented at the Reybro facility, the boundaries of which are outlined on the Reybro Facility Site Map attached hereto as Exhibit B. The Parties agree that the SWPPP may be modified from time to time as more fully described in Section D of this Consent Decree. In the event of a modification to the SWPPP or Facility Site Map, Reybro will serve a copy of the revised exhibits on Plaintiffs and the Court.

11.1.1.   Non-Structural BMPs

a.   The Non-Structural BMPs will conform with Non-Structural BMPs identified in the SWPPP, attached hereto as Exhibit A.

11.1.2    Structural BMPs

a.   Reybro will construct a four stage treatment train, as more fully described in Exhibit C.

---

Consent Decree                              5                    Civil Case No. 3:15-cv-02706-W-DHB

**B.    Numeric Limits**

12.    <u>Numeric Limits for Discharges from Reybro Facility</u>. Stormwater discharged from the Reybro Facility shall not contain pollutants above the levels set forth in Table 1.

**<u>Table 1 Numeric Limits for Discharges</u>**

| Pollutant | Limit | Test Method |
|---|---|---|
| Total Suspended Solids | 100 mg/L | SM-2540-D |
| Total Recoverable Copper | 0.014 mg/L | EPA-200.8 |
| Total Recoverable Lead | 0.082 mg/L | EPA-200.8 |
| Total Recoverable Zinc | 0.12 mg/L | EPA-200.8 |
| Oil and Grease | 15 mg/L | EPA-1664A |
| Total Recoverable Aluminum | 0.750 mg/L | EPA-200.8 |
| Total Recoverable Iron | 1.0 mg/L | EPA-200.8 |
| Chemical Oxygen Demand | 120 mg/L | SM 5220C |
| pH | 6-9 units | Per Storm Water Permit Section XI.C.2 |

**C. Action Plan**

13.    <u>Discharge Action Plan for Table 1 Exceedances</u>.  If Reybro's monitoring reveals two exceedances of the numeric limits specified in Table 1 for any one constituent during a wet season, Reybro shall submit a plan to Plaintiff for reducing the level of pollutant to Table 1 Limits ("Discharge Action Plan"). The Discharge Action Plan for the Reybro Facility shall be prepared by a Qualified Industrial Storm Water Professional ("QISP") and must be submitted to Plaintiffs within thirty (30) days of Reybro's receipt of sampling data showing exceedances of Table 1 Limits.

14.    <u>Discharge Action Plan Requirements</u>. Each Discharge Action Plan submitted shall be prepared by a Qualified Industrial Storm Water Professional ("QISP") and include at a minimum: (1) the

1   identification of the contaminant(s) discharged in excess of the numeric value(s) in Table 1; (2) an

2   assessment of the source of each contaminant discharged in excess of the numeric value(s) in Table 1

3   and the extent to which those contaminants are associated with industrial activities; (3) for contaminants

4   associated with industrial activities the identification of additional BMPs, that shall be implemented to

5   achieve compliance with the Table 1 Limit(s), as well as the design plans and calculations of these

6   additional BMPs, or, in the alternative, an evaluation of any additional BMPs the would reduce or

7   prevent an exceedance, estimated costs of the additional BMPs evaluated, an analysis demonstrating that

8   the additional BMPs needed to prevent the exceedance are not BAT/BCT and are not required to ensure

9   discharges do not cause or contribute to violations of water quality standards, and an analysis describing

10  the basis for the selection of BMPs implemented in lieu of the additional BMPs evaluated but not

11  implemented), and (4) time schedules for implementation of the proposed BMPs. The time schedule(s)

12  for implementation shall ensure that all BMPs are implemented as soon as possible but in no case later

13  than September 30 (prior to the next Wet Season), provided however that Reybro shall be entitled to a

14  single time extension for up to six (6) months upon the submission of the following information with the

15  Discharge Action Plan: (1) an explanation of why it would be infeasible to implement the Discharge

16  Action Plan by September 30 despite the exercise of due diligence and good faith effort, (2) a schedule

17  and detailed description of the necessary tasks to be performed, and (3) a description of any additional

18  temporary BMPs that will be implemented while permanent BMPs are being constructed.

19       15.    Action Plan Review. Plaintiffs shall have forty-five (45) days upon receipt of a Discharge

20  Action Plan to provide Reybro with one joint set of comments.  Within fourteen (14) days from the date

21  Plaintiffs' comment on the Discharge Action Plan, Reybro shall provide Plaintiffs with a written

22  explanation prepared by a QISP if Reybro refuses to integrate any of Plaintiffs' comments into the

23  applicable Discharge Action Plan.  Any disputes as to the adequacy of any Discharge Action Plan shall

24  be resolved pursuant to the dispute resolution provisions of this Consent Decree.

25       16.    Reybro shall diligently file and pursue all required local agency applications for permits

26  and/or approvals for the BMPs included in any Discharge Action Plan.  Reybro shall further diligently

27  pursue the procurement of contractors, labor, and materials to complete all such BMPs by the deadline

28  for implementing the Discharge Action Plan set in Paragraph 14 described above, and shall use their

---

Consent Decree                          7                Civil Case No. 3:15-cv-02706-W-DHB

1  best efforts to meet these deadlines.

2  **D. Sampling at the Reybro Facility.**

3      17.    Reybro shall install a recording rain gauge capable of recording rainfall to 0.1 inches at

4  the Reybro Facility within thirty (30) days of the Effective Date. Reybro shall maintain the recording

5  rain gauge in accordance with the manufacturers' recommendations, maintain records of all maintenance

6  and rain data, and provide such rain gauge data to Plaintiffs at the end of each calendar quarter during

7  the Wet Season (October 1 – May 30) for the term of this Consent Decree.

8      18.    Reybro shall provide the records described in Paragraph 17 to Plaintiffs within ten (10)

9  days of any written request by Coastkeeper or CERF.

10      19.    <u>Storm Water Monitoring</u>. By September 30, 2015, Reybro shall develop a plan for

11  monitoring all storm water and non-storm water discharges from the Reybro Facility that meets the

12  requirements of this Consent Decree and Section XI of the 2014 Storm Water Permit, and incorporate

13  same into its SWPPP.

14      i.  **Sample Collection**

15      20.    During the life of this Consent Decree, Reybro shall collect samples of any stormwater

16  discharge from industrial areas at the Reybro Facility in conformity with its Monitoring Plan.  For

17  purposes of this Consent Decree, this includes any stormwater discharge occurring during the Reybro

18  Facility's operating hours or, for stormwater stored onsite prior to discharge, whenever stormwater is

19  released off site, whether during operating hours or not.  Should Reybro demonstrate full compliance

20  with all of the discharge limitations in Table 1 for four (4) consecutive sampling events Reybro may

21  reduce sampling in compliance with XI.C.7. of the 2014 Storm Water Permit, except under no

22  circumstances shall Reybro be permitted to collect samples from less than two (2) discharges per wet

23  season unless it does not discharge two times in a particular wet season.

24      ii.  <u>**Sampling Analysis and Reporting**</u>

25      21.    Reybro shall comply with the analytical methods as required by Section XI.B of the 2014

26  Storm Water Permit as more fully described in the Monitoring Plan.

27      22.    Reybro shall request that results of all sample analyses required by this Consent Decree

28  be reported to it within fifteen (15) days of laboratory receipt of the sample.

---

Consent Decree         8         Civil Case No. 3:15-cv-02706-W-DHB

23. Reybro shall provide the complete laboratory results of all samples collected pursuant to the 2014 Storm Water Permit or this Consent Decree to Plaintiffs concurrently with the posting of same on SMARTS or no later than  fifteen (15) days from receipt of the sample results from the laboratory, whichever is sooner. Where such results are not required by the 2014 Storm Water Permit, Reybro shall provide the complete laboratory results of all samples collected pursuant to this Consent Decree to Plaintiffs within fifteen (15) days of receipt by Reybro from the laboratory.

24. Reybro shall submit a written report to Plaintiffs no later than June 15 at the end of each Wet Season that contains all rain gauge data for the Wet Season, all storm water samples collected at the Reybro Facility, all analytical results from samples collected at the Reybro Facility, an explanation of any failure to collect and analyze a storm water discharge as required by this Consent Decree or the 2014 Storm Water Permit.

25. Any failure to sample pursuant to the requirements of this Consent Decree shall be documented and explained to Plaintiffs by email within five (5) days of the date a sample could have been collected but was not.

**E. Visual Observations**

26. During the life of this Consent Decree, Reybro shall conduct visual observations during normal scheduled facility operating hours during every rain event that produces a discharge at any discharge points at the Reybro Facility pursuant to section XI.A. of the 2014 Storm Water Permit and as more fully described in the Reybro SWPPP.

**F. Monitoring and Reporting Program Revisions**

27. By September 30, 2015, or forty-five (45) days after the Effective Date, whichever is earlier, Reybro shall revise its Monitoring Plan for the Reybro Facility to incorporate all sampling, analysis, observation, and reporting requirements of this Consent Decree and the 2014 Storm Water Permit.

28. Reybro shall submit the revised Monitoring Plan for the Reybro Facility to Plaintiffs for review and comment. Plaintiffs shall provide comments, if any, to Reybro within thirty (30) days of receipt of the Monitoring Plan. Reybro shall incorporate Plaintiffs' comments into the Monitoring Plan, or shall justify in a writing prepared by a QISP why any comment is not incorporated within fifteen (15)

| Consent Decree | 9 | Civil Case No. 3:15-cv-02706-W-DHB |
|---|---|---|

1    days of receiving comments. Any disputes over the adequacy of the revised Monitoring Plan shall be

2    resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section VI

3    below.

4    **G. Storm Water Pollution Prevention Plan Revisions**

5      29. By September 30, 2015, or forty-five (45) days after the Effective Date, whichever is

6    earlier, Reybro shall revise the SWPPP for the Reybro Facility to include all BMPs required by the

7    Consent Decree and comply with all provisions of the 2014 Storm Water Permit.

8      30. Reybro shall submit the revised SWPPP to Plaintiffs for review and comment. Plaintiffs

9    shall provide comments, if any, to Reybro within sixty (60) days of receipt of the SWPPP. Reybro shall

10   incorporate Plaintiffs' comments into the SWPPP, or shall justify in a writing prepared by a QISP why

11   any comment is not incorporated within fifteen (15) days of receiving comments. Any disputes as to the

12   adequacy of the revised SWPPP shall be resolved pursuant to the dispute resolution provisions of this

13   Consent Decree, set out in Section VI below.

14     31. <u>Additional SWPPP Revisions</u>. Reybro shall engage a QISP to revise the SWPPP for the

15   Reybro Facility if there are any changes in the Reybro Facility's operations, including, but not limited

16   to, changes to storm water discharge point(s) or revisions and/or additions to the BMPs implemented

17   pursuant to any Discharge Action Plan. Reybro shall submit any SWPPP revisions made pursuant to the

18   requirements of this paragraph to Plaintiffs for review and comment within ten (10) days of the SWPPP

19   revision. Coastkeeper will provide comments, if any, to Reybro within thirty (30) days of receipt of such

20   revised SWPPP. Reybro shall incorporate Plaintiffs' comments into any revised SWPPP, or shall justify

21   in a writing prepared by a QISP as to why any comment is not incorporated within thirty (30) days of

22   receiving comments. Any disputes as to the adequacy of the revised SWPPP shall be resolved pursuant

23   to the dispute resolution provisions of this Consent Decree, set out in Section VI below.

24   **H. Employee Training**

25     32. Within thirty (30) days of the Effective Date of this Consent Decree, Reybro shall

26   develop and implement a training program, in compliance with Section X.H.1.f., X.H.1.g., and IX of the

27   2014 Storm Water Permit ("Training Program"). At a minimum the Training Program shall include at

28   least the following:

---

Consent Decree       10       Civil Case No. 3:15-cv-02706-W-DHB

i. <u>Language</u>. Reybro shall conduct the Training Program in the language or languages in which all employees participating in the Training Program are fluent.

ii. <u>Non-Stormwater Discharges</u>. Reybro shall train all designated employees on the 2014 Storm Water Permit's prohibition of non-storm water discharges, so that employees know what non-storm water discharges are, that non-storm water discharges can result from improper surface washing or dust control methods, and how to detect and prevent non-storm water discharges to ensure compliance with this Consent Decree and the 2014 Storm Water Permit.

iii. <u>BMPs</u>. Reybro shall train all designated employees on BMP implementation and maintenance to ensure that BMPs are implemented effectively to prevent the exposure of pollutants to storm water, to prevent the discharge of contaminated storm water, and to ensure the proper treatment of storm water at the Reybro Facility.

iv. <u>Storm Water Sampling</u>. Reybro shall designate an adequate number of employees necessary to collect storm water samples from each discharge location as required by this Consent Decree. The training shall include the proper sampling protocols, including chain of custody requirements, to ensure storm water samples are properly collected, stored, and submitted to a certified laboratory.

v. <u>Visual Observation Training</u>. Reybro shall provide training to all designated employees at the Reybro Facility regarding visual observations pursuant to this Consent Decree and the 2014 Storm Water Permit.

33. Training shall be provided by a QISP who is familiar with the requirements of this Consent Decree and the 2014 Storm Water Permit. The training shall be repeated annually, or as necessary to ensure that all such employees are familiar with the requirements of this Consent Decree, the 2014 Storm Water Permit, and the Reybro Facility's SWPPP. All new designated staff shall receive this training before assuming responsibilities for implementing the Reybro Facility's SWPPP or Monitoring Plan.

34. Reybro shall maintain training records to document compliance with this section, and shall provide Plaintiffs with a copy of these records within fourteen (14) days of receipt of a written request.

**IV.      Compliance Monitoring and Reporting**

35.      <u>Site Inspections</u>. Every year during the life of this Consent Decree, up to three (3) of Plaintiffs' representatives may conduct one (1) Wet Season site inspection and one (1) Dry Season (June 1 – September 30) site inspection of the Reybro Facility. The site inspections shall occur during normal business hours. Plaintiffs shall provide Reybro with twenty four (24) hours' notice (weekends and holidays excluded) prior to each Wet Season site inspection, and forty-eight (48) hours' notice (weekends and holidays excluded) prior to each Dry Season site inspection. Notice shall be provided by telephone and electronic mail, and shall state the names of all persons that Plaintiffs will bring to the inspection.

36.      During the site inspections, Plaintiffs and their designated representatives shall be allowed access to the Reybro Facility's SWPPP(s), M&RP, and all other monitoring records, reports, and sampling data for the Reybro Facility.

37.      During the site inspections, Plaintiffs and their designated representatives may collect stormwater samples at the Reybro Facility.

38.      During the site inspections, Plaintiffs may take photographs and video recordings of the Reybro Facility. If Plaintiffs takes any photographs or video recordings, Plaintiffs shall provide Reybro with the photographs and video within fourteen (14) days after any written request by Reybro for such photographs and videos.

39.      <u>Compliance Monitoring and Oversight</u>. Reybro shall pay a total of Five Thousand ($5,000) to compensate Plaintiffs for costs and fees to be incurred for monitoring Reybro' compliance with this Consent Decree. Payment shall be made within five (5) business days of the Effective Date payable to "San Diego Coastkeeper" via U.S. Mail.

40.      <u>Action Plan Payments</u>. Reybro shall pay Three Thousand Dollars ($3,000) each time an Action Plan is submitted to Plaintiffs. Payments shall be submitted simultaneously with the submittal of the Action Plan. Payments shall be made payable to "San Diego Coastkeeper"

41.      <u>Reybro Document Provision</u>. During the life of this Consent Decree, Reybro shall copy Plaintiffs on all documents related to storm water quality at the Reybro Facility that are submitted to the Regional Board, the State Board, and/or any state or local agency, county, or municipality. Such reports

---

Consent Decree                                   12                        Civil Case No. 3:15-cv-02706-W-DHB

1    and documents shall be provided to Plaintiffs on the date they are sent to the agencies, counties, and/or

2    municipalities. Any correspondence related to Reybro' compliance with the 2014 Storm Water Permit or

3    storm water quality received by Reybro from any regulatory agency, state or local agency, county, or

4    municipality shall be provided to Plaintiffs within ten (10) days of receipt by Reybro.

5    **V.**      **Environmental Project, Reimbursement of Litigation Fees and Costs, and Stipulated**

6              **Payments**

7         42.    Environmental Project. To remediate the alleged environmental harms resulting from

8    non-compliance with the 2014 Storm Water Permit alleged in the Complaint, Reybro agrees to make a

9    payment of Seven Thousand Five Hundred Dollars ($7,500) to Preserve Calavera to fund environmental

10   project activities that will reduce or mitigate the impacts of storm water pollution from industrial

11   activities on the Southern California Bight and its tributaries. The payments shall be made within five

12   (5) days of the Effective Date payable to "Preserve Calavera", sent to: Attn: Diane Nygaard, 5020

13   Nighthawk Way, Oceanside, CA 92056. Reybro shall provide Plaintiffs with a copy of such payment.

14        43.    Reimbursement of Attorneys' Fees and Costs. Reybro shall pay a total of Twenty-Five

15   Thousand Dollars ($25,000) to Coastkeeper and Coast Law Group to fully reimburse CERF and

16   Coastkeeper for their investigation fees and costs, expert/consultant fees and costs, and reasonable

17   attorneys' fees incurred as a result of investigating and preparing the lawsuit and negotiating this

18   Consent Decree. Payment shall be made within five (5) days of the Effective Date payable to "Coast

19   Law Group, LLP" and delivered to Coast Law Group, LLP, Attn: Livia Borak, 1140 South Coast

20   Highway 101, Encinitas CA, 92024 via U.S. Mail.

21        44.    Stipulated Payment. Reybro shall make a remediation payment of One Thousand Five

22   Hundred Dollars ($ 1,500) for each missed deadline included in this Consent Decree. Payments for a

23   missed deadline shall be made for the restoration or improvement (or both) of the watershed in the area

24   affected by Reybro' alleged discharges and shall be awarded to Preserve Calavera. Reybro agree to

25   make the stipulated payment within thirty (30) days of a missed deadline. The payments shall be mailed

26   via regular mail to the attention of Diane Nygaard at 5020 Nighthawk Way, Oceanside, CA 92056.

27   Reybro shall provide Plaintiffs with a copy of each such payment at the time it is made.

28   **VI.**     **DISPUTE RESOLUTION AND RETENTION OF JURISDICTION**

---

Consent Decree                           13                    Civil Case No. 3:15-cv-02706-W-DHB

1       45.    This Court shall retain jurisdiction over this matter until the Termination Date defined

2   above for the purposes of implementing and enforcing the terms and conditions of this Consent Decree

3   and adjudicating all disputes among the Settling Parties that may arise under the provisions of this

4   Consent Decree, unless a Party files and is granted a timely motion requesting an extension of time for

5   the Court to retain jurisdiction. The Court shall have the power to enforce this Consent Decree with all

6   available legal and equitable remedies, including contempt.

7       46.    <u>Meet and Confer.</u> A party to this Consent Decree shall invoke the dispute resolution

8   procedures of this Section by notifying all other Settling Parties in writing of the matter(s) in dispute.

9   The Settling Parties shall then meet and confer in good faith (either telephonically or in person) in an

10   attempt to resolve the dispute informally over a period of ten (10) days from the date of the notice. The

11   Settling Parties may elect to extend this time in an effort to resolve the dispute without court

12   intervention.

13       47.    If the Settling Parties cannot resolve a dispute by the end of meet and confer informal

14   negotiations, the party initiating the dispute resolution provision may invoke formal dispute resolution

15   by filing a motion before the United States District Court for the Southern District of California. The

16   Settling Parties agree to request an expedited hearing schedule on the motion if requested by any

17   Settling Party.

18       48.    <u>Burden of Proof.</u> In any dispute resolution proceeding, Defendant shall have the burden

19   of demonstrating its BMPs meet BAT/BCT standards as defined by the 2014 Storm Water Permit and

20   implementing regulations and are adequate to ensure Defendant's discharges do not cause or contribute

21   to a violation of water quality standards.

22       49.    <u>Enforcement Fees and Costs.</u> Litigation costs and fees incurred in conducting a meet and

23   confer session(s) or otherwise addressing and/or resolving any dispute, including an alleged breach of

24   this Consent Decree, shall be awarded in accordance with the standard established by § 505 of the Clean

25   Water Act, 33 U.S.C. §§ 1365 and 1319, and case law interpreting that standard.

26   **VII.   MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE**

27       50.    <u>Plaintiffs' Release.</u> Upon the Effective Date of this Consent Decree, Plaintiffs, on their

28   own behalf and on behalf of their current and former officers, directors, employees, and each of their

---

Consent Decree           14          Civil Case No. 3:15-cv-02706-W-DHB

1   successors and assigns, and their agents, and other representatives release all persons including, without

2   limitation, Reybro (and each of their direct and indirect parent and subsidiary companies and affiliates,

3   and their respective current and former officers, directors, members, employees, shareholders, and each

4   of their predecessors, successors, and assigns, and each of their agents, attorneys, consultants, and other

5   representatives) from and waive all claims alleged in the Notice Letter and Complaint up to the Effective

6   Date of this Consent Decree.

7      51.   Reybro's Release. Upon the Effective Date of this Consent Decree, Reybro, on its own

8   behalf and on behalf of its current and former officers, directors, employees, members, and each of their

9   successors and assigns, and their agents, and other representatives releases Plaintiffs (and their current

10   and former officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of

11   their successors and assigns, and their agents, attorneys, and other representatives) from and waives all

12   claims which arise from or pertain to this action, including all claims for fees (including fees of

13   attorneys, experts, and others), costs, expenses, or any other sum incurred or claimed for matters related

14   to Plaintiffs' Notice Letter and Complaint up to entry of this Consent Decree by the Court.

15      52.   Nothing in this Consent Decree limits or otherwise affects any Party's right to address or

16   take any position that it deems necessary or appropriate in any formal or informal proceeding before the

17   State Board, Regional Board, EPA, or any other administrative body on any other matter relating to

18   Reybro' compliance with the 2014 Storm Water Permit or the Clean Water Act occurring or arising after

19   the effective date of this Consent Decree.

20   **VIII.   MISCELLANEOUS PROVISIONS**

21      53.   No Admission of Liability. Neither this Consent Decree, the implementation of additional

22   BMPs, nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding,

23   adjudication, admission, or acknowledgment of any fact, law, or liability, nor shall it be construed as an

24   admission of violation of any law, rule, or regulation. Reybro maintains and reserves all defenses they

25   may have to any alleged violations that may be raised in the future.

26      54.   Construction. The language in all parts of this Consent Decree shall be construed

27   according to its plain and ordinary meaning, except as to those terms defined in the 2014 Storm Water

28   Permit, the Clean Water Act, or specifically herein.

1   55.   Choice of Law. The laws of the United States shall govern this Consent Decree.

2   56.   Severability. In the event that any provision, paragraph, section, or sentence of this

3   Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall

4   not be adversely affected.

5   57.   Correspondence. Unless specifically provided for in this Consent Decree, all notices

6   required herein or any other correspondence pertaining to this Consent Decree shall be sent by U.S. mail

7   or electronic mail as follows:

8   If to Plaintiff Coastkeeper:

9   San Diego Coastkeeper
    Attn: Matt O'Malley
10  2825 Dewey Rd, Suite 200
    San Diego, CA 92117
11  Email: matt@sdcoastkeeper.org

12

13  If to Plaintiff CERF:

14  Coastal Environmental Rights Foundation
    Attn: Sara Kent
15  1140 South Coast Highway 101
    Encinitas, CA 92024
16  Email: sara@cerf.org

17  With Copy to:

18  Coast Law Group LLP
    Attn: Livia Borak
19  1140 South Coast Hwy 101
    Encinitas, CA 92024
20  Email: livia@coastlawgroup.com

21

22

23  If to Reybro:

24  Reybro, Inc.
    Attn: Greg Reynolds
    645 Calle Ladera
25  Escondido, CA 92025

26

27  With Copy to:

28  Opper & Varco LLP
    Attn: S. Wayne Rosenbaum, Esq.
    225 Broadway, Suite 1900

---

Consent Decree                    16                    Civil Case No. 3:15-cv-02706-W-DHB

San Diego, CA 92101
Email: swr@envirolawyer.com

58.     Notifications of communications shall be deemed submitted three (3) business days after having been sent via U.S. mail or the day of sending notification or communication by electronic mail. Any change of address or addresses shall be communicated in the manner described above for giving notices.

59.     <u>Effect of Consent Decree</u>. Except as provided herein, Plaintiffs do not, by their consent to this Consent Decree, warrant or aver in any manner that Reybro's compliance with this Consent Decree will constitute or result in compliance with any federal or state law or regulation. Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of Reybro to comply with all federal, state, and local laws and regulations governing any activity required by this Consent Decree.

60.     <u>Counterparts</u>. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email of a .pdf signature, or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

61.     <u>Modification of the Consent Decree</u>. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Settling Parties. If any Settling Party wishes to modify any provision of this Consent Decree, the Settling Party must notify the other Settling Party in writing at least twenty-one (21) days prior to taking any step to implement the proposed change.

62.     <u>Full Settlement</u>. This Consent Decree constitutes a full and final settlement of this matter.

63.     <u>Integration Clause</u>. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Settling Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

64.     <u>Authority</u>. The undersigned representatives for Plaintiffs and Reybro each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of

1    this Consent Decree.

2         65.    The Settling Parties certify that their undersigned representatives are fully authorized to

3    enter into this Consent Decree, to execute it on behalf of the Settling Parties, and to legally bind the

4    Settling Parties to its terms.

5         66.    The Settling Parties, including any successors or assigns, agree to be bound by this

6    Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its

7    terms.

8         **IN WITNESS WHEREOF,** the undersigned have executed this Consent Decree as of the date

9    first set forth below.

10

11   APPROVED AS TO CONTENT

12   Dated: 12/17/2015                      By: _____

13                                          Name: Travis Pritchard
                                            Title: Interim Executive Director
14                                          San Diego Coastkeeper

15

16   Dated: _____               By: _____
                                           Name: _____
17                                         Title: _____
                                           Coastal Environmental Rights Foundation
18

19   Dated: _____               By: _____
20                                         Greg Reynolds
                                           President
21                                         Reybro, Inc.

22   APPROVED AS TO FORM

23   Dated: _____               By: _____
24                                         Livia Borak
                                           Coast Law Group LLP
25                                         Attorneys for CERF

26   Dated: 12/17/15                       By: _____
27                                         Matt O'Malley
                                           Attorneys for San Diego Coastkeeper
28

─────────────────────────────────────────────────────────────
Consent Decree                    18              Civil Case No. 3:15-cv-02706-W-DHB

1   this Consent Decree.

2       65.     The Settling Parties certify that their undersigned representatives are fully authorized to

3   enter into this Consent Decree, to execute it on behalf of the Settling Parties, and to legally bind the

4   Settling Parties to its terms.

5       66.     The Settling Parties, including any successors or assigns, agree to be bound by this

6   Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its

7   terms.

8       **IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date

9   first set forth below.

10

11  APPROVED AS TO CONTENT

12  Dated: _____          By:_____
                                    Name:_____
13                                  Title:_____
14                                      San Diego Coastkeeper

15
16  Dated:  12/22/15                By: _____
                                    Name:  CARA KENT
17                                  Title:  PROGRAMS DIRECTOR
18                                      Coastal Environmental Rights Foundation

19  Dated: _____          By: _____
20                                      Greg Reynolds
                                        President
21                                      Reybro, Inc.

22  APPROVED AS TO FORM

23  Dated:  12-22-2015              By: _____
24                                      Livia Borak
                                        Coast Law Group LLP
25                                      Attorneys for CERF

26
27  Dated: _____          By: _____
                                        Matt O'Malley
28                                      Attorneys for San Diego Coastkeeper

Consent Decree                          18              Civil Case No. 3:15-cv-02706-W-DHB

Dec 29 15 08:59a     Quality Recycling                    17607240336              p.1

1  this Consent Decree.

2      65.    The Settling Parties certify that their undersigned representatives are fully authorized to

3  enter into this Consent Decree, to execute it on behalf of the Settling Parties, and to legally bind the

4  Settling Parties to its terms.

5      66.    The Settling Parties, including any successors or assigns, agree to be bound by this

6  Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its

7  terms.

8      **IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date

9  first set forth below.

10

11  APPROVED AS TO CONTENT

12  Dated: _____          By:_____
                                     Name:_____
13                                   Title:_____
                                       San Diego Coastkeeper
14

15                                   By:_____
16  Dated: _____          Name:_____
                                     Title:_____
17                                     Coastal Environmental Rights Foundation

18

19  Dated: _12-29-15_               By: _Gregory L. Reynolds_
                                       Greg Reynolds
20                                     President
                                       Reybro, Inc.
21

22  APPROVED AS TO FORM

23  Dated: _____          By: _____
                                       Livia Borak
24                                     Coast Law Group LLP
                                       Attorneys for CERF
25

26                                   By: _____
27  Dated: _____            Matt O'Malley
                                       Attorneys for San Diego Coastkeeper
28

1

Livia Borak
Coast Law Group.
Attorneys for CERF

2

3

4  Dated: _____        By: _____

5                                       Matt O'Malley
                                        Attorneys for San Diego Coastkeeper

6

7  Dated: 12/22/15               By: _____

8                                       S. Wayne Rosenbaum
                                        Opper & Varco, LLP

9                                       Attorney for Reybro

10 **IT IS SO ORDERED.**

11

12

13 Date: ___5/6/16___            _____

14                                       United States District Court Judge
                                        Southern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Consent Decree                          19                  Civil Case No. _____